IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Certain Underwriters at Lloyd's, London subscribing to Policy No. LL024CO0300942,

    Plaintiff,

v.

PATRICIA WOODY; SCOTT WOODY;
ZACHARY WOODY; JEROME HOWARD,
JUNIOR; and TAMIKA HOWARD,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Certain Underwriters at Lloyd's, London subscribing to Policy No. LL024CO0300942 ("Underwriters"), by and through their undersigned counsel, The Hustead Law Firm, A Professional Corporation, submits their Complaint for Declaratory Judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, against Defendants Patricia Woody, Scott Woody, Zachary Woody (collectively the "Woody Defendants"); and Jerome Howard, Junior and Tamika Howard (collectively the "Howard Defendants"), and states as follows:

### I.    JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as diversity of citizenship exist between Underwriters, on the one hand, and the above-named Defendants, and the

amount in controversy exceeds $75,000. Further, Underwriters seek a declaratory judgment pursuant to 28 U.S.C. § 2201.

2.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

## II.     PARTIES

3.     Plaintiff Underwriters is domiciled in London, England and maintains its principal place of business at 1 Lime Street, London, England EC3M 7HA.

4.     Defendant Patricia Woody is a resident of the State of Texas, with an address of 1840 Silverleaf Drive, Paris, Texas 75462.

5.     Defendant Scott Woody is a resident of State of Texas, with an address of 1840 Silverleaf Drive, Paris, Texas 75462.

6.     Defendant Zachary Woody is a resident of the State of Colorado, with an address of 1443 South Ridge Rd., Bailey, CO 80421.

7.     Jerome Howard, Junior is a resident of the State of Colorado.

8.     Tamika Howard is a resident of the State of Colorado.

## III.     GENERAL ALLEGATIONS

9.     On November 29, 2016, Defendants Patricia Woody and Scott Woody applied for a Homeowners Policy (the "Policy") for a property located at 1443 South Ridge Rd., Bailey, CO 80421 (the "Property"). Defendants Patricia Woody and Scott Woody submitted their application for the Policy through Centennial State Insurance Agency in Bailey, Colorado (the "Agency").

10. On November 29, 2016, in connection with the application for the Policy, Defendant Patricia Woody represented to Savannah Heggie, an agent at the Agency, that her son, Zachary Woody, would be living on the Property and would need to be made an additional insured.

11. In connection with the application for the Policy, Defendant Patricia Woody also represented to Ms. Heggie that no business would be operated on the Property.

12. Relying on, *inter alia*, Defendant Patricia Woody's representations, Ms. Heggie, acting on behalf of Defendants Patricia Woody and Scott Woody, completed an application for the Policy (the "Application").

13. In completing the Application, Ms. Heggie relied on Defendant Patricia Woody's representation and thus responded "no" to a question contained in the Application inquiring if there was a "business on premises."

14. On November 29, 2016, after completing the Application, Ms. Heggie sent an email to Defendant Patricia Woody attaching a copy of the completed Application.

15. Defendant Patricia Woody read the Application on November 29 or 30, 2016.

16. Defendant Patricia Woody never objected to any of the answers contained in the Application she received on November 29 or 30, 2017, including the answer to the question inquiring if there was a "business on premises."

17. On November 30, 2016, Defendant Patricia Woody advised Ms. Heggie via email that the Application was "fine."

18.     In reliance on Defendant Patricia Woody's statements contained in the Application, Ms. Heggie caused the Policy to be issued on the Property to Defendant Patricia Woody through Underwriters.

19.     The Policy, numbered LL024CO0300942, had an effective date of December 1, 2016. The Declarations Page of the Policy identified Defendant Scott Woody and Defendant Zachary Woody as additional insureds.

20.     Under the terms of the Policy, liability is limited to: $375,000 for Coverage A – Home, $38,000 for Coverage B – Other structures, $188,000 for Coverage C – Personal Property, $75,000 for Coverage D – Loss of Use/Rents, $500,000 for Coverage E – Personal Liability, and $5,000 for Coverage F – Medical Payments.

21.     On December 3, 2016, two days after the effective date of the Policy, Defendants Patricia Woody and Scott Woody purchased the Property.

22.     Prior to Defendants Patricia Woody and Scott Woody's purchase of the Property, the previous owner of the Property, on information and belief, had used the Property to grow marijuana. Defendants Scott Woody, Patricia Woody, and Zachary Woody were aware of this fact; Underwriters were not.

23.     On March 10, 2017, approximately three months after the Policy was issued, an explosion and fire (the "Incident") occurred at the Property.

24.     An investigation undertaken following the Incident revealed that at the time of the Incident, the Property was being used to grow substantial amounts of marijuana which were to be sold.

25. After the Incident, more than 300 marijuana plants and related paraphernalia were discovered both inside and outside the house located on the Property.

26. Patricia Woody, Scott Woody, and Zachary Woody were aware that the Property was being used to grow marijuana at the time of the Incident.

27. The investigation further revealed that the Property was being used to manufacture hash oil. Specifically, the investigation of the Property revealed numerous canisters containing butane, a gas used to make hash oil.

28. On information and belief, the fire and explosion was caused by the ignition of hash oil.

29. The Incident caused significant damage to the Property.

30. At the time of the Incident, Defendant Zachary Woody and two of his friends, Defendants Jerome Howard Junior and Tamika Howard, were present at the Property.

31. Zachary Woody, Mr. Howard, and Ms. Howard suffered severe burns as a result of the Incident.

32. On or about March 14, 2016, Trident Claims Management ("Trident"), the Claims Administrator for Underwriters, received notice of Defendant Patricia Woody's claim under the Policy relating to the Incident.

33. On or about March 27, 2017, Ms. Shannon Foley, Claims Consultants LLC, an adjuster engaged by Trident, inspected the Property.

34. During Ms. Foley's inspection of the Property, Ms. Foley spoke with Defendant Scott Woody, who informed her that he had "purchased the Property in December 2016 with the intention

that his son, Zachary, would use the Property as a grow house for marijuana" and that "he [had] purchased the property as a business."

35. On or about October 23, 2017, Underwriters sent Patricia Woody a check in the amount of $1,573.88 for the return of the premium paid by the Woodys for the Policy (the "Premium Check").

36. On or about November 29, 2017, Patricia Woody cashed or deposited the Premium Check.

### IV. APPLICABLE PROVISIONS UNDER THE POLICY

37. The Policy addresses an insured's false statements relating to insurance and concealment, and misrepresentation of material facts, and provides in relevant part that:

> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
>
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
> 2. Engaged in fraudulent conduct; or
> 3. Made false statements relating to this insurance.

38. The Policy also provides that:

> We do not insure for loss to property [to a dwelling]…caused by any
>
> of the following….
>
> 2. Acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body.

39. The above exclusion excuses Underwriters from providing coverage for damages caused by an insured's negligence.

40. The Policy provides further that Coverage E – Personal Liability and Coverage, and Coverage F – Medical Payments to Others, do not apply to the following losses:

> 2. "Business"
>
>> a. Arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured" whether or not the "business" is owned or operated by an "insured" or employs an "insured."…
>
> \*\*\*
>
> 8. "Controlled Substance"
>
>> "Bodily Injury" or "property damage" arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812. Controlled Substances included but are not limited to cocaine, LSD, marijuana and all narcotic drugs….

41. The Policy also contains an Endorsement to Coverage E – Personal Injury which provides, in relevant part:

SECTION II – Exclusions

This insurance does not apply to:

> 1. Personal Injury
>
>> d. Arising out of a criminal act committed by or at the direction of an "insured";
>
> \*\*\*
>
>> g. Arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned and operated by an "insured" or employs an

>"insured". This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business.

42. For reasons including, but not limited to, the following, underwriters does not owe any coverage obligations to the Woody Defendants under the Policy, including any duty to provide coverage for the Woody Defendants claims', or any duty to defend; and owes no coverage obligation to the Howard Defendants for any claims they may raise relating to the injuries they sustained during the Incident:

   a. Defendant Patricia Woody intentionally concealed that Defendants would be operating a business on the Property, and specifically an illegal marijuana grow operation;

   b. Defendant Patricia Woody misrepresented on the Application that the Woody Defendants would not be operating a business on the Property;

   c. Defendant Scott Woody admitted that he and Defendant Patricia Woody purchased the Property with the intention that his son, Zachary Woody, would use the Property as a grow house for marijuana and that he purchased the property as a business;

   d. Defendant Patricia Woody made materially false statements during Underwriter's investigation of the Incident, including representing that she did not purchase the Property with the intent of operating the Property as a marijuana grow operation;

    e.    the claims arise out of, or are in connection with, a business conducted from the Property;

    f.    the claims arise out of the use and manufacture of controlled substances; and

    g.    the claims arise out of criminal acts committed by the Woody Defendants.

## V. CLAIM FOR RELIEF
### (Declaratory Judgment – against All Defendants)

43.    Underwriters reallege and incorporate herein by this reference the allegations contained in paragraphs 1- 42 as though fully set forth herein.

44.    A dispute has arisen between Underwriters and Defendants with respect to the parties' respective rights and obligations under the Policy, including whether coverage is available for the Woody Defendants' claims made under the Policy, and whether Underwriters owes any duty to defend; and whether coverage is available for any claims the Howard Defendants or Zachary Woody may make under the Policy with respect to their injuries sustained during the Incident.

45.    The rights, standards, obligations and other legal relations of Underwriters and the Defendants are affected by the terms and conditions of the Policy and the determination of whether coverage exists for the Woody Defendants' claims under the Policy, and for any claims the Howard Defendants may make under the Policy.

46.    For reasons including, but not limited to, those set forth in Paragraphs 37 through 42 above, and based on the clear and unambiguous language contained in the Policy, Underwriters has no duty to provide coverage for Defendants under the Policy, including the duty to defend; and

Case 1:17-cv-03069-STV   Document 1   Filed 12/19/17   USDC Colorado   Page 10 of 11

Underwriters and has no duty to provide coverage for any claims the Woody Defendants may make relating to their injuries sustained during the Incident.

47. Pursuant to 28 U.S.C. §2201, *et seq*. and Fed. R. Civ. P. 57, Underwriters request a declaratory judgment from this Court that they do not owe any coverage obligations to the Woody Defendants under the Policy, including any duty to provide coverage for the Woody Defendants claims', or any duty to defend any claims made by the Howard Defendants, Zachary Woody, or any other third-parties under the liability provisions of the Policy.

48. Underwriters further request a declaratory judgment from this Court that they do not owe any coverage obligations to the Howard Defendants, Zachary Woody, or any other third-parties relating to any claims they may make for the injuries or other losses sustained during the Incident.

**WHEREFORE**, for the foregoing reasons, Underwriters respectfully request that this Court enter judgment against Defendants as follows:

a. Declaring that Underwriters does not owe any coverage obligations to the Woody Defendants under the Policy; including any duty to provide coverage for the Woody Defendants claims', or any duty to defend.

b. Declaring that Underwriters does not owe any coverage obligations to the Howard Defendants, Zachary Woody, or any other third-parties relating to any claims they may make for the injuries or other losses they sustained during the Incident.

c. Awarding Underwriters all other further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 19th day of December, 2017.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*/s/ Patrick Q. Hustead*
_____
Patrick Q. Hustead, Esq.
Aaron M. Bell, Esq.
THE HUSTEAD LAW FIRM,
*A Professional Corporation*
4643 South Ulster Street, Suite 1250
Denver, Colorado 80237
Telephone: (303) 721-5000
pqh@thlf.com
amb@thlf.com
*Attorneys for Plaintiff Certain Underwriters at Lloyd's, London subscribing to Policy No. LL024CO0300942*

Plaintiff's Address:

Underwriters at Lloyd's, London
One Lime Street
London
EC3M 7HA
UK