IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-03069-PAB-STV

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. LL024CO0300942,

    Plaintiff,

v.

PATRICIA WOODY,
SCOTT WOODY,
ZACHARY WOODY,
JEROME HOWARD, JUNIOR, and
TAMIKA HOWARD,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the Complaint for Declaratory Judgment [Docket No. 1]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 1-2, ¶ 1.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  The facts presently alleged are insufficient to establish plaintiff's citizenship.

The complaint states that "Plaintiff Underwriters is domiciled in London, England and maintains its principal place of business at 1 Lime Street, London, England EC3M 7HA." Docket No. 1 at 2, ¶ 3.  The assertion that plaintiff is a distinct entity is almost certainly incorrect.  As the Eleventh Circuit has explained

> [t]he Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market. . . . Lloyd's itself does not insure any risk.  Individual underwriters, known as "Names" or "members," assume the risk of the insurance loss.  Names can be people or corporations; they sign up for

2

> certain percentages of various risks across several policies. . . . Critical to the diversity jurisdiction question, Names are not only British citizens, but may be of many nationalities. Lloyd's Act, 1982, c.14, pmbl. (5).

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). The fact that the Names, not some entity known as "Lloyd's," underwrite the risk for a given insurance policy is reflected in the caption: "Certain Underwriters at Lloyd's, London Subscribing to Policy No. LL024CO0300942." The complaint does not identify what syndicates act as underwriters for the policy at issue in this case, but as noted in *Osting-Schwinn*

> Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy. . . . The syndicates are not incorporated . . . . As mere administrative structures, the syndicates themselves bear no risk on the policies that they underwrite; the constituent Names assume individual percentages of underwriting risk.

*Id.* However, assuming that the Names did underwrite the policy through syndicates, each syndicate would at most be considered an unincorporated association that "must prove the citizenship of each of [its] members."[1] *Id.* at 1086; *see also Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998). *But see Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43-44 (6th Cir. 1994) (concluding that only lead underwriters suing in a representative capacity need to plead

---

[1] A limited liability company is treated similarly; its citizenship is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

their citizenship for diversity purposes).² Because the named plaintiff is not a recognizable entity with its own citizenship and because the complaint does not list the identity or the citizenship of the Names who underwrote the policy at issue in this case, the Court is unable to determine the citizenship of plaintiff and, as a result, is unable to determine whether the Court has jurisdiction.³ Therefore, it is

**ORDERED** that, on or before **5:00 p.m. on February 22, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

² In *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1002 (10th Cir. 2005), the Tenth Circuit concluded that the Society of Lloyd's is a corporation under the laws of England. However, the party in that case was the incorporated entity that oversees the Lloyd's insurance marketplace, not the individual underwriters. *See Montgomery v. Markel Int'l Ins. Co. Ltd.*, 259 F. Supp. 3d 857, 870-71 (N.D. Ill. 2017).

³ Moreover, a statement that none of the Names is a citizen of Colorado would be insufficient, as *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990), "unambiguously requires that [syndicates] plead the citizenship of each of their member Names." *See Osting-Schwinn*, 613 F.3d at 1089 (applying *Carden*); *see also United States Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. Jul 28, 2009); *Affordable Cmty. of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, at *2-3 (E.D. Mo. Nov. 19, 2008) (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship).